■

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOSEPH GIACCIO, Appellant.— Defendant appeals from a judgment of conviction by the County Court, Richmond County, adjudging him to be a youthful offender and committing him to the Reception Center at Elmira Reformatory. Judgment unanimously affirmed. No opinion. Present — Nolan, P. J., Johnston, Adel, Wenzel and MacCrate, JJ.

■

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. EUGENE PANZELLA, Appellant.— Defendant appeals from a judgment of conviction by the County Court, Richmond County, adjudging him to be a youthful offender and committing him to the Reception Center at Elmira Reformatory. Judgment unanimously affirmed. No opinion. Present — Nolan, P. J., Johnston, Adel, Wenzel and MacCrate, JJ.

■

GEORGE S. RADER, Respondent-Appellant, v. GOODWIN LABORATORIES, INC., Appellant-Respondent.— Cross appeals from an order made in an action to recover damages for breach of an employment contract. Defendant appeals from so much of the order as denies its motion to direct a reply to a portion of the answer and to the first affirmative defense as well as to the granting of that part of plaintiff's cross motion as sought dismissal of the first affirmative defense. Plaintiff appeals from so much of the order as denies his motion to strike out the second affirmative defense. Order, insofar as appealed from, affirmed, without costs. No opinion. Nolan, P. J., Carswell, Johnston and MacCrate, JJ., concur; Wenzel, J., dissents in part, with the following memorandum: I dissent in part and vote to modify the order by providing that plaintiff's motion to strike out the first affirmative defense be denied and that defendant's motion to direct plaintiff to reply to that defense be granted. While that defense is inartistically drawn and attempts to allege "fraud and undue influence," it also charges abuse by the plaintiff of his relationship of attorney for the defendant and the stockholders thereof, and of his position as sole executor and attorney of the estate of the defendant's deceased former president and principal stockholder, in inducing the making of the contract. This action is against a corporation for breach of a written contract of employment. I doubt whether the relationship of the plaintiff with the individual stockholders thereof, and with the decedent's estate may be shown under a general denial. [See *post*, p. 698.]

■

ANN RASMUSSEN, Appellant, v. WALTER RASMUSSEN, Respondent.— In an action for a separation on the ground of cruel and inhuman treatment, plaintiff appeals from a judgment dismissing the complaint upon the merits and granting defendant a separation on his counterclaim, on the ground of abandonment. Plaintiff also appeals from an order denying her motion to direct defendant to pay a reasonable sum for a counsel fee to prosecute the appeal from said judgment and for the expenses of said appeal. Judgment reversed on the law and the facts, without costs, and a new trial granted. The court erred in restricting the proof at the trial to the specific times and occurrences alleged in the complaint, and in refusing to permit evidence designed to show a general course of conduct by defendant. (*Passera* v. *Passera*, 276 App. Div. 852.) Order reversed on the law and the facts, without costs, and the motion granted, with $10 costs, to the extent of allowing a counsel fee in the sum of